



# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GRAHAM ARCHITECTURAL PRODUCTS CORP.,

        Plaintiff,

    v.

STAR INSURANCE COMPANY,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil Action

Civil Action No. 1:CV-00-1140
(Hon. William W. Caldwell)

**FILED**
**HARRISBURG**

MAR 3 0 2001

MARY E. D'ANDREA, CL
Per_____
DEPUTY CLERK

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Star Insurance Company ("Star"), by and through its undersigned counsel, and pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, files the following Motion for Leave of Court to file a Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint setting forth occurrences or events which have happened since the Defendant's Original Answer and Affirmative Defenses was filed, and in support thereof states as follows:

    1.    Plaintiff filed this action on or about June 26, 2000, asserting a payment bond claim against Star Insurance Company ("Star").

    2.    Plaintiff's claim arises out of a construction project in which the contractor, Bethel Estimating & Construction Co. ("Bethel"), entered into a construction contract ("Contract") with the Board of Education of the City of Detroit ("Board of Education"), pursuant to which Bethel was to perform construction work for a project known as the Building Envelope Renovation, Golightly Education Center, 5536 St. Antoine, Detroit, Michigan ("Project").



3.　　Star, as surety, issued payment and performance bonds, on behalf of Bethel, as the bond principal, in connection with the Project.

4.　　Bethel entered into an agreement with the Plaintiff, whereby Plaintiff agreed to fabricate and supply the replacement windows for the Project.

5.　　Plaintiff alleges in its Complaint that Bethel has not paid for all of the windows supplied to the Project by Graham.  Plaintiff has asserted in its Complaint that Star is obligated to pay all amounts allegedly due and owing in connection with the windows supplied to the Project pursuant to the payment bond issued by Star in connection with Bethel's work on the Project.

6.　　On October 30, 2000, Star filed its Answer and Affirmative Defenses to the Plaintiff's Complaint.

7.　　At or about the time Star filed its Answer and Affirmative Defenses to Plaintiff's Complaint, Star was unaware of certain defects and/or deficiencies related to the windows supplied by Graham to the Project.

8.　　During the last two weeks, Star has learned that the windows supplied by Graham are deficient and/or defective and require repair and/or replacement.

9.　　On March 15, 2001, the Project Owner conducted an inspection of the windows for purposes of identifying those deficiencies and/or defects requiring corrections.

10.　　On March 26, 2001, Star received a copy of the Project Owner's "punch list" identifying the deficiencies and/or defects relevant to the windows.  A true and correct copy of the Project Owner's punch list is attached hereto as Exhibit A.

11.　　On or about March 23, 2001, Star was advised by Bethel that the windows supplied by Graham had failed an air infiltration test performed on the windows as required by



the Project Specifications. A true and correct copy of Bethel's March 23, 2001 letter to Graham is attached hereto as Exhibit B.

12.    On March 26, 2001, the undersigned counsel was advised by Mr. Darnell Boynton, the attorney representing the Board of Education of the City of Detroit, that the Board of Education had rejected the windows supplied by Graham due to their failure to conform with the Project Specifications.

13.    The deficiencies and/or defects recently discovered relative to the windows supplied by Graham constitute meritorious defenses to Graham's claim against Star under the payment bond.

14.    Star was not aware of the deficiencies and/or defects of the windows prior to filing its original Answer and Affirmative Defenses in this matter as the inspection that disclosed the deficiencies was conducted on March 15, 2001.

15.    Star would be prejudiced in its defense of Graham's claim if Star was not afforded the opportunity to raise as a defense to Plaintiff's claim the deficiencies and/or defects in the windows as identified by the Project Owner, and the Project Owner's recent rejection of the windows for failure to conform with the Project Specifications.

16.    Due to Star's recent discovery of the deficiencies and/or defects in the windows supplied by the Plaintiff to the Project, Star would be prejudiced if it was not allowed to file a Supplemental Answer and Affirmative Defenses to the Plaintiff's Complaint.

17.    Star has attached hereto its proposed Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint wherein Star has set forth the recently discovered information related to the defects and deficiencies in the windows supplied by Graham on the Project.

{20146.01/247663:}

3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRAHAM ARCHITECTURAL PRODUCTS CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:CV-00-1140 |
| v. | ) | |
| | ) | (Hon. William W. Caldwell) |
| STAR INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this _____ day of _____, upon consideration of

Defendant's Motion for Leave to File a Supplemental Answer and Affirmative Defenses to

Plaintiff's Complaint, it is hereby ORDERED that said Motion is granted and Star Insurance

Company shall be allowed to file its Supplemental Answer and Affirmative Defenses to

Plaintiff's Complaint attached to Star's Motion as Exhibit C.


_____
United States District Judge

PUNCHLIST No. 1
March 15 & 16, 2001
Page Two of Fifteen

Project No. 9709
CIP No. 24

**Room Principal Office** (Continue)

    B.  Window Opening #111c
    •  Adjust window insert

    C.  Window Opening #110a
    •  Adjust window insert.

    D.  Window Opening #108 & 109
    ■  Install windows.

2.  **Library Room #102**

    A.  Window Opening #107c
    •  Adjust window insert.

    B.  Window Opening #106a & 106c
    •  Adjust window insert.
    •  No emergency label installed on exit window.

3.  **Library Room #104**

    A.  Window Opening #105a
    •  Adjust window insert.
    •  Tighten loose latch

    B.  Window Opening #105c
    •  Adjust window insert.

    C.  Window Opening #104b
    ■  Tighten loose latch (right side).
    •  Install emergency signage.

4.  **Social Studies Room #106**

    A.  Window Opening #103a
    -  Replace damaged lexan.

    B.  Window Opening #103c
    •  Repair ultra lift balance system.



### *Mark English Associates, Inc.*
#### *Architects · Designers · Planners*

26122 Lieernois
Detroit, Michigan 48221
Telephone 313/682-9272

## PUNCHLIST No. 1

**DATE OF INSPECTION:** March 15 & 16, 2001

Project No. 9709
CIP No. 24

**DATE ISSUED:**     March 23, 2001

**PROJECT:**     Golightly Education Center

**SUBJECT:**     Window Replacement Project
Window Inspection Report

---

General note:    The letter a,b, & c refer to left, center, and right window openings. The Contractor has not perform the window test therefore this information is limited to only the items indicated. Any items for correcting the window to pass the water test would be additional punch list and would have to be re-inspected for compliance to the meditation plan of the testing agency.

- All windows have install deviated from the construction documents which indicate in the weather-stripping portion of the construction documents.
- The contractor has not caulked the window pursuant to the construction documents. This is typical for all window opening.
- The windows do not comply with the plans & specs. for the meeting rail (typical).

### First Floor Interior

A. Window Opening #116-118
- Contractor must install new windows

### Room #105

A. Window Opening #115a, 115b, 115c
- Missing (limit stop.
- No emergency label on exit window.

1. **Room Principal Office**

A. Window Opening #112b
- Adjust window glazing
- No emergency label installed on exit window.

**EXHIBIT**

tabbies'

A



PUNCHLIST No.1
March 15 & 16, 2001
Page Three of Fifteen

Project No. 9709
CIP No. 24

5.  **Social Studies Room #106**

4.      C.      Window Opening #102c
        • Tighten loose latch (right & left sides)
        • Repair ultra lift balance system.

        C.  Window Opening #102a
        • Install missing screw in window sash
        • No emergency labels installed on window.


6.  **Auditorium Room #110**

        A.  Window Opening #143a
        • Adjust window insert.
        • Install window screens

        B.  Window Opening #142
        • Install windows.
        • Install window screens

        C.  Window Opening #256 & 257
        • Install window

        D.  Window Opening #B01 & B02
        • Install window.

        E.  Window Opening #237 & 238
        • Install window.

        F.  Window Opening #140a, 140b, 140c
        • Adjust window insert.
        • Install window screens

        G.  Window Opening #139c
        • Adjust window insert.
        • Install window screens

        H.  Window Opening #141
        • Window not install.
        • Install window screens

        I.  Window Opening #138a & 138b
        • Adjust window insert.
        • Install window screens

PUNCHLIST No.1                                        Project No. 9709
March 15 & 16, 2001                                   CIP No. 24
Page Four of Fifteen

7.  **Auditorium Room #110** (Continue)

    J.  Window Opening #145a
    *   Replace damaged lexan.
    *   Install latching mechanism.

    K.  Window Opening #145a
    *   Adjust window insert.
    *   Install latching mechanism.

    L.  Window Opening #144b
    *   Adjust window insert.
    *   Repair ultra lift balance system.

    M.  Window Opening #146a & 146b
    *   Install window

8.  **Science Room #108**

    A.  Window Opening #147a, 147b, 147c
    *   Tighten loose latches typical.
    *   Repair ultra lift balance system.

    B.  Window Opening #101a, 101b, 101c
    *   Tighten loose latches typical.
    *   Repair ultra lift balance system.

    C.  Window Opening #148a, 147b
    *   Tighten loose latches typical.
    *   Repair ultra lift balance system.

9.  **1st Floor Boy's Restroom**

    A.  Window Opening #137a
    *   Repair ultra lift balance system

    B.  Window Opening #137b
    *   Repair ultra lift balance system.
    *   Adjust window insert

C.  Window Opening #137c
    *   Repair ultra lift balance system.
    *   Install spacer.

PUNCHLIST No.1
March 15 & 16, 2001
Page Six of Fifteen

Project No. 9709
CIP No. 24

**SECOND FLOOR** (Continue)

13  <u>Stairwell</u>

    B.  Window Opening #242
    •  Install window snap trim.

14.  <u>Special Ed Room #214</u>

    A.  Window Opening #241a
    •  Install window spacer
    •  Install window latches

    B.  Window Opening #239a
    •  Install window latches

    C.  Window Opening #239b
    •  Install spacer

    D.  Window Opening #239c
    •  Install window

    E.  Window Opening #240a, 240c
    •  Install window insert.

15.  <u>Classroom #207</u>

    A.  Window Opening #217a
    •  Adjust window insert.
    B.  Window Opening #217b
    •  Install screw in window sash

    C.  Window Opening #216b
    •  Adjust window insert.

16.  <u>Teachers Lounge #209</u>

    A.  Window Opening #224
    •  Install window lock for limit stop.
    •  Repair ultra lift balance system

    B.  Window Opening #225
    •  Install window lock for limit stop.



PUNCHLIST No.1
March 15 & 16. 2001
Page Seven of Fifteen

Project No. 9709
CIP No. 24

17. **Classroom #205**

   A.  Window Opening #215c
- Distance between window hardware not consistence with plan.
- Repair ultra lift balance system.

   B.  Window Opening #215a
- Tighten loose latch.

18. **Classroom #203**

   A.  Window Opening #213b & 213c
- Tighten window sash screws.

   B.  Window Opening #212a
- Install window latches.

   C.  Window Opening #212a
- Tighten loose latch on left side.

19. **Classroom #201**

   A.  Window Opening #213b & 213c
- Tighten window sash screws.

   B.  Window Opening #212a
- Install wood stop.

20. **Cloak room**

   A.  Window Opening #208
- Install window sash screws.

   B.  Window Opening #207
- Tighten loose hardware (left side)

21. **Classroom #202**

   A.  Window Opening #206a
- Install window sash screws.

   B.  Window Opening #206b
- Tighten loose hardware (left side)

 

PUNCHLIST No.1
March 15 & 16, 2001
Page Eight of Fifteen

Project No. 9709
CIP No. 24

22  **Classroom #202**  (Continue)

   C.  Window Opening #205c
- Repair ultra lift balance system.

   D.  Window Opening #205c
- Tighten window sash screw.
- Install emergency label on window

23. **Restroom**

A.  Window Opening #203b
- Tighten loose latch.

24. **Classroom #204**

   A.  Window Opening #204a
- Tighten loose hardware (left side).

   B   Window Opening #204c
- Adjust window insert.
- Install window latch
- Install emergency label on window.

   C   Window Opening #203a
- Repair ultra lift balance system.
- Install emergency label on window

25. **Restroom**

   A   Window Opening #203c
- Tighten loose latch.

26. **Classroom #206**

   A   Window Opening #202c
- Install window lock for limit stop.
- Install window latches

   B.  Window Opening #202b
- Repair ultra lift balance system.

   C.  Window Opening #202a
- Install window latch
- Install emergency label on window


PUNCHLIST No.1
March 15 & 16, 2001
Page Nine of Fifteen

Project No. 9709
CIP No. 24

27. **Classroom #208**

    A.  Window Opening #261a
- Repair ultra lift balance system.
- Install window latch

    B  Window Opening #261b
- Repair ultra lift balance system.

    C.  Window Opening #261a 261b
- Repair ultra lift balance system.

28 **Stairwell**

    A.  Window Opening #259a, 259b 259c
- Install window opening.

    B.  Window Opening #218a, 218b. 218c
- Install window opening.

29. **2nd Floor Janitor Closet**

A.  Window Opening #258a & 258b
- Install Obscure glass typical.
- Install window lock for limit stop.

30 **2nd Floor Boy's Restroom**

A.  Window Opening #236a. 236b. & 236c
- Install window lock for limit stop.

31 **Classroom #212**

A.  Window Opening #235b
- Repair ultra lift balance system.
- Install window latches.

B.  Window Opening #234c
- Install window latch.

C.  Window Opening #232b
- Adjust window insert.




32. **2nd Floor Corridor**

    A.  Window Opening #231c
- Repair ultra lift balance system.

    B.  Window Opening #231b
- Install window latch.
- Adjust window insert.

    C.  Window Opening #230
- Adjust window insert.

    D.  Window Opening #229
- Adjust window insert

    E.  Window Opening #227a
- Adjust window insert.
- Tighten window latch.

    F.  Window Opening #226a
- Repair ultra lift balance system.

    G  Window Opening #226b & 226c
- Adjust window insert.

33. **2nd Floor Girl's Restroom**

    A  Window Opening #219a
- Distance between window hardware not consistence with plan.
- Install window lock for limit stop.

**THIRD FLOOR**

34. **Classroom #304**

    A  Window Opening # 321a
- Install window lock for limit stop.
- Install spacer.
- Install window sash screws.
- Install window shade
    B  Window Opening #321b
- Install window lock for limit stop
- Install window shade
    C  Window Opening #321c
- Install window opening

PUNCHLIST No.1
March 15 & 16, 2001
Page Eleven of Fifteen

Project No. 9709
CIP No. 24

35. 3ʳᵈ Floor Janitor Closet

   A.  Window Opening #320
   •  Install window opening

36. 3ʳᵈ Floor Girl's Restroom
   A.  Window Opening #319a
   •  Tighten loose window latch.
   •  Adjust window sash.

37. Classroom #303
   A.  Window Opening #313
   •  Repair ultra lift balance system

   B.  Window Opening #313b
   •  Install screw in window sash.

   C.  Window Opening #312a
   •  Adjust window sash.

38. Classroom #301
   A.  Window Opening #311a
   -  Distance between window hardware not consistence with plan.
   B.  Window Opening #311b & 311c
   •  Tighten window latch (left side).

   C.  Window Opening #310a
   •  Tighten window latch (left side).
   -  Distance between window hardware not consistence with plan.

   D.  Window Opening #310b
   •  Adjust window sash.

39. Classroom #300
   A.  Window Opening #307, 308, 309
   •  Install window opening

40. Classroom #302
   A.  Window Opening #306a
   •  Adjust window sash.
   •  Repair ultra lift balance system.
   B.  Window Opening #306b
   •  Install window latch.
   •  Adjust window sash.




PUNCHLIST No.1
March 15 & 16, 2001
Page Twelve of Fifteen

41. **Classroom #302**
   C.  Window Opening #305a
   • Tighten window latch.

   D.  Window Opening #305b
   • Adjust window sash.

42. **Classroom #304**

   A.  Window Opening 3304c
   • Distance between window hardware not consistence with plan.

   B.  Window Opening 3304b
   • Tighten window latch (right side).

   C.  Window Opening #303b
   • Tighten window latch

   D.  Window Opening #303c
   • Install emergency label on window.

43. **Classroom #306**

   A.  Window Opening #302a
   • Tighten window latch(right side)

   B.  Window Opening #302b
   • Replace damage lexan.
   • Install window latches.

   C.  Window Opening #301a
   • Replace damage lexan

   D.  Window Opening #301b
   • Install window latches

   E.  Window Opening #301c
   • Install emergency label on window.

44. **Classroom #308**

   A.  Window Opening #333a
   • Adjust window sash.

PUNCHLIST No.1
March 15 & 16, 2001
Page Thirteen of Fifteen

Project No. 9709
CIP No. 24

   B.  Window Opening #333c
- Tighten window latch (right side)

   C.  Window Opening #334a
- Install window latches.
- Adjust window sash.

   D.  Window Opening #334b
- Adjust window sash.

45. **Classroom #310**

   A   Window Opening #329
- Install window latch.

46. **Stairwell**

   A.  Window Opening #332a, 332b 332c
- Install window opening.

   B   Window Opening #318a, 318b, 318c
- Install window opening.

47. **3rd Floor Boy's Restroom**

   A.  Window Opening #238b
- Install window lock for limit stop.
- Repair ultra lift balance system.
- Install window spacer.

48. **3rd Floor Corridor**

   A.  Window Opening #327b
- Repair ultra lift balance system.

   B   Window Opening #326c
- Repair ultra lift balance system

   C   Window Opening #325a
- Repair ultra lift balance system.
- Adjust window sash.




PUNCHLIST No.1
March 15 & 16, 2001
Page Fourteen of Fifteen

Project No. 9709
CIP No. 24

   D.  Window Opening #325c
- Repair ultra lift balance system.

   E.  Window Opening #323a
- Install window latches.

49  **Classroom #307**

   A.  Window Opening #317a
- Tighten window hardware
- Distance between window hardware not consistence with plan.

   B.  Window Opening #317b
- Install window latches.

   C.  Window Opening #317c
- Distance between window hardware not consistence with plan.

   D.  Window Opening #316a
- Tighten window hardware.

   E.  Window Opening #316c
- Tighten window hardware
- Install emergency label on window.
- Repair ultra lift balance system.

50. **Classroom #307**

   A.  Window Opening #313a
- Install window latches

   B.  Window Opening #313b
- Tighten window hardware
- Distance between window hardware not consistence with plan.

   C.  Window Opening #314b
- Install window latches (right side)
- Install screw in window sash.

   D.  Window Opening #314c
- Install screw in window sash.

PUNCHLIST No. 1
March 15 & 16, 2001
Page Fifteen of Fifteen

Project No 9709
CIP No. 24

Comments:

**PUNCHLIST No. 1**

Prepared by:   John Harrison
               Construction Administrator

cc:   Dean DeVonce, DPSPMT
      Sam Wright, Bethel Construction
      MEA File

*Bethel*
*Estimating & Construction*
1485 E. Outer Drive
Detroit, MI 48234

Phone (313) 891-3500
Fax: (313) 891-3852

March 23, 2001

Graham Architecctural Products Corp.
1551 Mt. Rose Avenue
York Pennsylvania 17403
Financial

Re: Golightly

Dear Mr. Miller

Last week you should have received a letter from Bethel informing you of the walk through to be conducted concerning your windows, and that you should have had a representative present to witness the operation of windows. However, Bethel did not get a response from you. So the walk through was conducted and completed as scheduled. As a result of this walk through a punch list was compiled and will be sent to you. During the walk through a meeting was held and it was agreed that a window test should be performed as soon as possible.

The test was performed this week on March 22, 2001 and as a total shock to us all the windows failed the test. You will receive a copy of the results as soon as we receive it from the testing agent. Bethel has been told that immediate action must be taken to correct the problems. You are here by given notice that you have 72 hours from the date of April 2 to have someone correcting these problems. If you do not the Board of Education will take further action.

Sincerely,

Samuel Wright

SW/sd

**EXHIBIT**

tabbies*

**B**



# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GRAHAM ARCHITECTURAL PRODUCTS )     Civil Action
CORP., )
    )     No.  1:CV-00-1140
       Plaintiff, )
    )
       v. )
    )
STAR INSURANCE COMPANY, )
    )
       Defendant. )

## DEFENDANT'S SUPPLEMENTAL ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Star Insurance Company ("Star"), by and through its undersigned

counsel, files the following Supplemental Answer and Affirmative Defenses to Plaintiff Graham

Architectural Products Corporation's ("Plaintiff") Complaint and states as follows:

       1.        After reasonable investigation, Star is without sufficient knowledge or

information to form a belief as to the truth of the allegations set forth in paragraph 1 of the

Plaintiff's Complaint and those allegations are therefore denied.

       2.        The allegations set forth in paragraph 2 of the Plaintiff's Complaint are

admitted.

       3.        The allegations set forth in paragraph 3 of the Plaintiff's Complaint state

conclusions of law and no response thereto is required.

## COUNT I

       4.        The allegations set forth in paragraph 4 of the Plaintiff's Complaint refer

to an instrument in writing, the terms and conditions of which speak for themselves, and no



**EXHIBIT**

C

{20146.01/247670:}

 

further response is required. To the extent that a response is required, after reasonable investigation, upon information and belief, the allegations set forth in paragraph 4 of the Plaintiff's Complaint are admitted.

5.    The allegations set forth in paragraph 5 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, and to the extent that the allegations set forth in paragraph 5 of the Plaintiff's Complaint are contrary to the terms and conditions of the Payment Bond, those allegations are denied

6.    The allegations set forth in paragraph 6 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, upon information and belief, the allegations set forth in paragraph 6 of the Plaintiff's Complaint are admitted.

7.    The allegations set forth in paragraph 7 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, the allegations set forth in paragraph 7 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Plaintiff fabricated and supplied windows to the Project. It is denied that the Plaintiff fully performed and supplied the windows in accordance with the alleged subcontract. To the contrary, Graham has not fully performed and supplied the windows in accordance with the alleged Subcontract as the windows do not comply with the plans and specifications for the project. Further responding, the windows supplied by the Plaintiff are deficient and/or defective as identified by the owner, architect and construction



manager. As a direct and proximate result of the deficiencies and/or defects in the windows, the project owner has rejected the windows supplied by the Plaintiff. In addition to the foregoing, upon information and belief, Graham further failed to comply with the requirements of the alleged Subcontract by failing to supply all of the windows required under the Subcontract, and no payment is due and owing to Graham for the windows that were never supplied to the Project.

8.     The allegations set forth in paragraph 8 of the Plaintiff's Complaint are denied. It is denied there remains due and owing to Graham the sum of $111,323.12 for windows fabricated and furnished for the project. It is further denied that any sums are due and owing to Graham for storage costs, interest and attorneys fees. Further responding, Graham has not fully performed and supplied the windows in accordance with the alleged Subcontract as the windows are deficient, defective and do not comply with the plans and specifications for the project. Upon information and belief, as a direct and proximate result of the deficiencies and/or defects in the windows, the project owner rejected the windows supplied by the Plaintiff. In addition to the foregoing deficiencies and/or defects, upon information and belief, Graham further failed to comply with the requirements of the Subcontract by failing to supply all of the windows required under the Subcontract, and no payment is due and owing to Graham for windows that were never supplied to the project

## COUNT II

9.     The allegations set forth in paragraph 9 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth



of the allegations set forth in paragraph 9 of the Plaintiff's Complaint and those allegations are therefore denied.

10.    The allegations set forth in paragraph 10 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required.  To the extent that a response is required, and to the extent that the allegations set forth in paragraph 10 of the Plaintiff's Complaint are contrary to the terms and conditions of the Payment Bond, those allegations are denied.

11.    The allegations set forth in paragraph 11 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required.  To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Plaintiff's Complaint and those allegations are therefore denied.

12.    The allegations set forth in paragraph 12 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required.  To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Plaintiff's Complaint.

13.    The allegations set forth in paragraph 13 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required.  To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 of the Plaintiff's Complaint.

{20146.01/247670:}

## AFFIRMATIVE DEFENSES

Defendant Star Insurance Company ("Star") files the following Affirmative Defenses to the claims raised by Graham Architectural Products Corporation ("Plaintiff") and states as follows:

14.    All of the foregoing paragraphs are incorporated herein by reference as though fully set forth.

15.    The Plaintiff has failed to state a claim upon which relief can be granted.

16.    All or part of the Plaintiff's claims are barred as a result of the Plaintiff's failure to fulfill its obligations to Bethel, the bond principal, pursuant to the terms of the Subcontract entered into between Bethel and the Plaintiff (the "Bethel Subcontract") in connection with certain construction work for a project known as the Building Envelope Renovation, Golightly Education Center, 5536 St. Antoine, Detroit, Michigan.

17.    All or part of the Plaintiff's claims are barred as a result of the Plaintiff's failure to perform its scope of work under the Bethel Subcontract in a good, timely and workmanlike manner.

18.    Upon information and belief, all or part of the Plaintiff's claims are barred by the Plaintiff's prior material breach of the Bethel Subcontract.

19.    Upon information and belief, the Plaintiff has failed to satisfy all conditions precedent to any payment allegedly due from Star.

20.    The Plaintiff has failed to satisfy all conditions precedent to any payment allegedly due from Star to the Plaintiff under the Bond.

21.    The Plaintiff's claim under the Bond is not justly due and owing.



22.    All or part of the Plaintiff's claims are barred by the applicable statute of limitations.

23.    All or part of the Plaintiff's claims are barred due to the lack of consideration.

24.    All or part of the Plaintiff's claims are barred due to the failure of consideration.

25.    All or part of the Plaintiff's claims are barred by the doctrine of unclean hands.

26.    All or part of the Plaintiff's claims are barred by the doctrine of justification.

27.    All or part of the Plaintiff's claims are barred by the doctrine of estoppel.

28.    All or part of the Plaintiff's claims are barred by the doctrine of waiver.

29.    All or part of the Plaintiff's claims are barred by the doctrine of accord.

30.    All or part of the Plaintiff's claims are barred by the doctrine of satisfaction.

31.    All or part of the Plaintiff's claims are barred by payment.

32.    All or part of the Plaintiff's claims are barred by the doctrine of release.

33.    All or part of the Plaintiff's claims are barred by the doctrine of mistake.

34.    All or part of the Plaintiff's claims are barred by the doctrine of laches.

35.    All or part of the Plaintiff's claims are barred by the doctrine of consent.

36.    All or part of the Plaintiff's claims arise out of the Plaintiff's own acts or omissions and all or part of the Plaintiff's claims are therefore barred.

 

37.    All or part of the Plaintiff's claims are barred as a result of the Plaintiff's failure to give proper notice.

38.    All or part of the Plaintiff's claims are barred by the express language of the Subcontract.

39.    All or part of the Plaintiff's claims are barred pursuant to the express language of the Bond.

40.    All or part of the Plaintiff's claims are barred by virtue of the Plaintiff's failure to mitigate damages, if any.

41.    All or part of the Plaintiff's claims are barred due to the fact that Plaintiff supplied substandard windows to the Project.

42.    All or part of the Plaintiff's claims are barred due to the fact that Plaintiff supplied windows to the Project that deviated from the Subcontract.

43.    All or part of the Plaintiff's claims are barred due to the fact that Plaintiff supplied windows to the Project that did not comply with the Project plans and specifications.

44.    All or part of the Plaintiff's claims are barred due to the fact that the windows supplied by Plaintiff to the Project contain deficiencies and/or defects.

45.    All or part of the Plaintiff's claims are barred due to the fact that the windows supplied by the Plaintiff have been rejected by the project owner due to their failure to conform with the plans and specifications for the project.

46.    All or part of the Plaintiff's claims are barred due to the fact that Plaintiff has failed to supply the windows required by the Subcontract.

 

47.    All or part of the Plaintiff's claims are barred due to the fact that the windows supplied by the Plaintiff require repair/replacement due to the deficiencies and/or defects identified by the project owner.

48.    Star, as surety, raises and preserves the right to assert all defenses available to its principal, Bethel.

49.    Star, as surety, raises and preserves the right to assert all defenses available to its principal, Solomon.

**WHEREFORE**, Defendant Star Insurance Company respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint, with prejudice, that the Plaintiff take nothing by its Complaint, and that this Court award Star all such other and further relief as may be just and necessary.

Respectfully submitted,

**BLUMLING & GUSKY, LLP**

By:    _____

Robert J. Blumling, Esquire
PA I.D. #37943
Michael D. Klein, Esquire
PA I.D. #76212
Anthony E. Como, Esquire
PA I.D. #85992

1200 Koppers Building
Pittsburgh, PA 15219
(412) 227-2500
Firm No. 458

Counsel for Defendant, Star Insurance Company

 

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S**

**SUPPLEMENTAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**

**COMPLAINT** was served this _____ day of March, 2001, upon the following, by

depositing the same in the United States Mail, First Class, Postage Pre-Paid, upon the following:

Mark A. Rosen, Esquire
Loren L. Pierce, Esquire
MCELROY, DEUTSCH & MULVANEY
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRAHAM ARCHITECTURAL PRODUCTS CORP., | ) ) ) | CIVIL ACTION |
| Plaintiff, | ) ) | Civil Action No. 1:CV-00-1140 (Hon. William W. Caldwell) |
| v. | ) ) | |
| STAR INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF CONCURRENCE

I, Michael D. Klein, counsel for Defendant, Star Insurance Company, do hereby certify pursuant to Local Rule 7.1 of the Federal Rules of Civil Procedure for the Middle District of Pennsylvania that Mark A. Rosen, counsel for Plaintiff, was contacted for the purpose of seeking concurrence to file Star's Motion for Leave to File Supplemental Answer and Affirmative Defenses to the Plaintiff's Complaint and that such concurrence was <u>denied</u>.

Respectfully submitted,

**BLUMLING & GUSKY, LLP**

By: _____
Michael D. Klein, Esquire
PA I.D. #76212

1200 Koppers Building
Pittsburgh, PA 15219
(412) 227-2500
Firm No. 458

Counsel for Defendant, Star Insurance Company

{20146.01/247874:}

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GRAHAM ARCHITECTURAL PRODUCTS CORP., | ) )| Civil Action |
| | ) | No. 1:CV-00-1140 |
| Plaintiff, | ) | (Hon. William W. Caldwell) |
| | ) | |
| v. | ) | |
| | ) | |
| STAR INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT'S SUPPLEMENTAL ANSWER AND
## AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### *HIGHLIGHTED VERSION PER LOCAL RULE 15.1(b)*

Defendant, Star Insurance Company ("Star"), by and through its undersigned counsel, files the following **Supplemental** Answer and Affirmative Defenses to Plaintiff Graham Architectural Products Corporation's ("Plaintiff") Complaint and states as follows:

1.    After reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1 of the Plaintiff's Complaint and those allegations are therefore denied.

2.    The allegations set forth in paragraph 2 of the Plaintiff's Complaint are admitted.

3.    The allegations set forth in paragraph 3 of the Plaintiff's Complaint state conclusions of law and no response thereto is required.

## COUNT I

4.  The allegations set forth in paragraph 4 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required.  To the extent that a response is required, after reasonable investigation, ~~Star is without sufficient knowledge or information to form a belief as to the truth of~~ **upon information and belief,** the allegations set forth in paragraph 4 of the Plaintiff's Complaint ~~and those allegations are therefore denied~~ **are admitted.**

5.  The allegations set forth in paragraph 5 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required.  To the extent that a response is required, and to the extent that the allegations set forth in paragraph 5 of the Plaintiff's Complaint are contrary to the terms and conditions of the Payment Bond, those allegations are denied

6.  The allegations set forth in paragraph 6 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required.  To the extent that a response is required, after reasonable investigation, ~~Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 6 of the Plaintiff's Complaint and those allegations are therefore denied.~~ **, upon information and belief, the allegations set forth in paragraph 6 of the Plaintiff's Complaint are admitted.**

7.  The allegations set forth in paragraph 7 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required.  To the extent that a response is required, after reasonable investigation, ~~Star is without sufficient knowledge or information to form a belief as to the truth~~



of the allegations set forth in paragraph 7 of the Plaintiff's Complaint. the allegations set forth in paragraph 7 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Plaintiff fabricated and supplied windows to the Project. It is denied that the Plaintiff fully performed and supplied the windows in accordance with the alleged subcontract. To the contrary, Graham has not fully performed and supplied the windows in accordance with the alleged Subcontract as the windows do not comply with the plans and specifications for the project. Further responding, the windows supplied by the Plaintiff are deficient and/or defective as identified by the owner, architect and construction manager. As a direct and proximate result of the deficiencies and/or defects in the windows, the project owner has rejected the windows supplied by the Plaintiff. In addition to the foregoing, upon information and belief, Graham further failed to comply with the requirements of the alleged Subcontract by failing to supply all of the windows required under the Subcontract, and no payment is due and owing to Graham for the windows that were never supplied to the Project.

8.    The allegations set forth in paragraph 8 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the tru of the allegations set forth in paragraph 8 of the Plaintiff's Complaint. are denied. It is denied there remains due and owing to Graham the sum of $111,323.12 for windows fabricated and furnished for the project. It is further denied that any sums are due and owing to Graham for storage costs, interest and attorneys fees. Further responding, Graham not fully performed and supplied the windows in accordance with the alleged Subcon

as the windows are deficient, defective and do not comply with the plans and specifications for the project. Upon information and belief, as a direct and proximate result of the deficiencies and/or defects in the windows, the project owner rejected the windows supplied by the Plaintiff. In addition to the foregoing deficiencies and/or defects, upon information and belief, Graham further failed to comply with the requirements of the Subcontract by failing to supply all of the windows required under the Subcontract, and no payment is due and owing to Graham for windows that were never supplied to the project.

## COUNT II

9.      The allegations set forth in paragraph 9 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Plaintiff's Complaint and those allegations are therefore denied.

10.      The allegations set forth in paragraph 10 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, and to the extent that the allegations set forth in paragraph 10 of the Plaintiff's Complaint are contrary to the terms and conditions of the Payment Bond, those allegations are denied.

11.      The allegations set forth in paragraph 11 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth

of the allegations set forth in paragraph 11 of the Plaintiff's Complaint and those allegations are therefore denied.

12.    The allegations set forth in paragraph 12 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required.  To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Plaintiff's Complaint.

13.    The allegations set forth in paragraph 13 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required.  To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Defendant Star Insurance Company ("Star") files the following Affirmative Defenses to the claims raised by Graham Architectural Products Corporation ("Plaintiff") and states as follows:

14.    All of the foregoing paragraphs are incorporated herein by reference as though fully set forth.

15.    The Plaintiff has failed to state a claim upon which relief can be granted.

16.    All or part of the Plaintiff's claims are barred as a result of the Plaintiff's failure to fulfill its obligations to Bethel, the bond principal, pursuant to the terms of the Subcontract entered into between Bethel and the Plaintiff (the "Bethel Subcontract") in



connection with certain construction work for a project known as the Building Envelope Renovation, Golightly Education Center, 5536 St. Antoine, Detroit, Michigan.

17.    All or part of the Plaintiff's claims are barred as a result of the Plaintiff's failure ~~to fulfill its obligations to Solomon, the bond principal, pursuant to the terms of the Subcontract entered into between Solomon and the Plaintiff (the "Solomon Subcontract") in connection with certain construction work for a project known as Stephens Elementary School, 3020 Burns Street, Detroit, Michigan.~~ **to perform its scope of work under the Bethel Subcontract in a good, timely and workmanlike manner.**

18.    ~~All or part of the Plaintiff's claims are barred as a result of the Plaintiff's failure to perform its scope of work under the Bethel and Solomon Subcontracts in a good, timely and workmanlike manner.~~ **Upon information and belief, all or part of the Plaintiff's claims are barred by the Plaintiff's prior material breach of the Bethel Subcontract.**

19.    Upon information and belief, ~~all or part of the Plaintiff's claims are barred by the Plaintiff's prior material breach of the Bethel and Solomon Subcontracts.~~ **the Plaintiff has failed to satisfy all conditions precedent to any payment allegedly due from Star.**

20.    ~~Upon information and belief, the Plaintiff has failed to satisfy all conditions precedent to any payment allegedly due from Star to the Plaintiff under the Bethel and Solomon Subcontracts.~~ **The Plaintiff has failed to satisfy all conditions precedent to any payment allegedly due from Star to the Plaintiff under the Bond.**

21.    ~~The Plaintiff has failed to satisfy all conditions precedent to any payment allegedly due from Star to the Plaintiff under either Bond.~~ **The Plaintiff's claim under the Bond is not justly due and owing.**



22.    ~~The Plaintiff's claim under either Bond is not justly due and owing.~~  All or part of the Plaintiff's claims are barred by the applicable statute of limitations.

23.    ~~All or part of the Plaintiff's claims are barred by the applicable statute of limitations.~~  All or part of the Plaintiff's claims are barred due to the lack of consideration.

24.    ~~All or part of the Plaintiff's claims are barred due to the lack of consideration.~~  All or part of the Plaintiff's claims are barred due to the failure of consideration.

25.    ~~All or part of the Plaintiff's claims are barred due to the failure of consideration.~~  All or part of the Plaintiff's claims are barred by the doctrine of unclean hands.

26.    ~~All or part of the Plaintiff's claims are barred by the doctrine of unclean hands.~~  All or part of the Plaintiff's claims are barred by the doctrine of justification.

27.    ~~All or part of the Plaintiff's claims are barred by the doctrine of justification.~~  All or part of the Plaintiff's claims are barred by the doctrine of estoppel.

28.    ~~All or part of the Plaintiff's claims are barred by the doctrine of estoppel.~~  All or part of the Plaintiff's claims are barred by the doctrine of waiver.

29.    ~~All or part of the Plaintiff's claims are barred by the doctrine of waiver.~~  All or part of the Plaintiff's claims are barred by the doctrine of accord.

30.    ~~All or part of the Plaintiff's claims are barred by the doctrine of accord.~~  All or part of the Plaintiff's claims are barred by the doctrine of satisfaction.

31.    ~~All or part of the Plaintiff's claims are barred by the doctrine of satisfaction.~~  All or party of the Plaintiff's claims are barred by payment.

32.    ~~All or part of the Plaintiff's claims are barred by payment.~~  **All or part of
the Plaintiff's claims are barred by the doctrine of release.**

33.    ~~All or part of the Plaintiff's claims are barred by the doctrine of release.~~
**All or part of the Plaintiff's claims are barred by the doctrine of mistake.**

34.    ~~All or part of the Plaintiff's claims are barred by the doctrine of mistake.~~
**All or part of the Plaintiff's claims are barred by the doctrine of laches.**

35.    ~~All or part of the Plaintiff's claims are barred by the doctrine of laches.~~
**All or part of the Plaintiff's claims are barred by the doctrine of consent.**

36.    ~~All or part of the Plaintiff's claims are barred by the doctrine of consent.~~
**All or part of the Plaintiff's claims arise out of the Plaintiff's own acts or omissions and all
or part of the Plaintiff's claims are therefore barred.**

37.    ~~All or part of the Plaintiff's claims arise out of the Plaintiff's own acts or
omissions and all or part of the Plaintiff's claims are therefore barred.~~  **All or part of the
Plaintiff's claims are barred as a result of the Plaintiff's failure to give proper notice.**

38.    ~~All or part of the Plaintiff's claims are barred as a result of the Plaintiff's
failure to give proper notice.~~  **All or part of the Plaintiff's claims are barred by the express
language of the Subcontract.**

39.    ~~All or part of the Plaintiff's claims are barred by the express language of
the Bethel and Solomon Subcontracts.~~  **All or part of the Plaintiff's claims are barred
pursuant to the express language of the Bond.**

40.    ~~All or part of the Plaintiff's claims are barred pursuant to the express
language of the Bond.~~  **All or part of the Plaintiff's claims are barred by virtue of the
Plaintiff's failure to mitigate damages, if any.**

41.    ~~All or part of the Plaintiff's claims are barred by virtue of the Plaintiff's failure to mitigate damages, if any.~~   All or part of the Plaintiff's claims are barred due to the fact that Plaintiff supplied substandard windows to the Project.

42.    ~~Star, as surety, raises and preserves the right to assert all defenses available to its principal, Bethel.~~  All or part of the Plaintiff's claims are barred due to the fact that Plaintiff supplied windows to the Project that deviated from the Subcontract.

43.    ~~Star, as surety, raises and preserves the right to assert all defenses available to its principal, Solomon.~~  All or part of the Plaintiff's claims are barred due to the fact that Plaintiff supplied windows to the Project that did not comply with the Project plans and specifications.

44.    All or part of the Plaintiff's claims are barred due to the fact that the windows supplied by Plaintiff to the Project contain deficiencies and/or defects.

45.    All or part of the Plaintiff's claims are barred due to the fact that the windows supplied by the Plaintiff have been rejected by the project owner due to their failure to conform with the plans and specifications for the project.

46.    All or part of the Plaintiff's claims are barred due to the fact that Plaintiff has failed to supply the windows required by the Subcontract.

47.    All or part of the Plaintiff's claims are barred due to the fact that the windows supplied by the Plaintiff require repair/replacement due to the deficiencies and/or defects identified by the project owner.

48.    Star, as surety, raises and preserves the right to assert all defenses available to its principal, Bethel.

 

49.    **Star, as surety, raises and preserves the right to assert all defenses available to its principal, Solomon.**

WHEREFORE, Defendant Star Insurance Company respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint, with prejudice, that the Plaintiff take nothing by its Complaint, and that this Court award Star all such other and further relief as may be just and necessary.

Respectfully submitted,

**BLUMLING & GUSKY, LLP**

By: _____

Robert J. Blumling, Esquire
PA I.D. #37943
David A. Levine, Esquire
PA I.D. #65676
**Anthony E. Como, Esquire**
**PA I.D. #85992**

1200 Koppers Building
Pittsburgh, PA 15219
(412) 227-2500
Firm No. 458

Counsel for Defendant, Star Insurance
Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S**

**SUPPLEMENTAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S**

**COMPLAINT** was served this _____ day of ~~October, 2000~~, **March , 2001** upon the

following, by depositing the same in the United States Mail, First Class, Postage Pre-Paid, upon

the following:

**Mark A. Rosen, Esquire**
Loren L. Pierce, Esquire
MCELROY, DEUTSCH & MULVANEY
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

_____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GRAHAM ARCHITECTURAL PRODUCTS )   CIVIL ACTION
CORP., )
)   Civil Action No. 1:CV-00-1140
      Plaintiff, )   (Hon. William W. Caldwell)
)
      v. )
)
STAR INSURANCE COMPANY, )
)
      Defendant. )

## CERTIFICATE OF CONCURRENCE

    I, Michael D. Klein, counsel for Defendant, Star Insurance Company, do hereby certify pursuant to Local Rule 7.1 of the Federal Rules of Civil Procedure for the Middle District of Pennsylvania that Mark A. Rosen, counsel for Plaintiff, was contacted for the purpose of seeking concurrence to file Star's Motion for Leave to File Supplemental Answer and Affirmative Defenses to the Plaintiff's Complaint and that such concurrence was <u>denied</u>.

                Respectfully submitted,

                **BLUMLING & GUSKY, LLP**

By:

                Michael D. Klein, Esquire
                PA I.D. #76212

                1200 Koppers Building
                Pittsburgh, PA 15219
                (412) 227-2500
                Firm No. 458

                Counsel for Defendant, Star Insurance
                Company