**ORIGINAL**

FILED
HARRISBURG, PA

APR 09 2001

MARY E. D'ANDREA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRAHAM ARCHITECTURAL PRODUCTS CORP., | Civil Action |
| Plaintiff, | Civil Action No. 1:CV-00-1140 (Hon. William W. Caldwell) |
| v. | |
| STAR INSURANCE COMPANY, | |
| Defendant. | |

### DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SUPPLEMENTAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Star Insurance Company ("Star"), by and through its undersigned counsel, files the following Brief in Support of its Motion for Leave to File Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, and in support thereof states as follows:

### I. PROCEDURAL HISTORY

Graham Architectural Products Corporation ("Plaintiff" or "Graham") filed this action on or about June 26, 2000, asserting a payment bond claim against Star Insurance Company ("Star"). Thereafter, on October 30, 2000, Star filed its Answer and Affirmative Defenses to the Plaintiff's Complaint.

As discussed more fully below, between March 15 and March 30, 2001, certain occurrences have taken place relative to the windows supplied by Graham on the Project. Between March 15 and March 30, Star was notified by the Board of Education of the City of Detroit that the windows supplied by Graham are deficient and/or defective and will require

repair and/or replacement. Star has further learned that the windows supplied by Graham have been rejected for failure to conform with the project specifications. Finally, Star has learned that the Board of Education has submitted a claim under the Performance Bond issued by Star in connection with the Project, wherein the Board has requested that Star correct the deficiencies relative to the windows supplied by Graham on the Project. Star was not aware of the deficiencies and/or defects relative to the windows supplied by Plaintiff prior to filing its original Answer and Affirmative Defenses in this matter. However, on March 30, 2001, within two (2) weeks of Star's discovery of these deficiencies and/or defects, Star filed a Motion for Leave to File Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint. Star files this Brief in Support of its Motion for Leave to File Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint.

## II. STATEMENT OF FACTS

Plaintiff's claim arises out of a construction project in which the contractor, Bethel Estimating & Construction Co. ("Bethel"), entered into a construction contract ("Contract") with the Board of Education of the City of Detroit ("Board of Education"), pursuant to which Bethel was to perform construction work for a project known as the Building Envelope Renovation, Golightly Education Center, 5536 St. Antoine, Detroit, Michigan ("Project").

Star, as surety, issued payment and performance bonds, on behalf of Bethel, as the bond principal, in connection with the Project. Bethel entered into an agreement with the Plaintiff, whereby Plaintiff agreed to fabricate and supply the replacement windows for the Project. The windows that Plaintiff agreed to fabricate and supply to Bethel are the subject of Plaintiff's claims against Star. Plaintiff alleges in its Complaint that Bethel has not paid for all of the windows supplied to the Project by Graham. Therefore, Plaintiff claims that Star is obligated to

pay all amounts allegedly due and owing in connection with the windows supplied to the Project pursuant to the payment bond issued by Star in connection with Bethel's work on the Project.

When Star filed its Answer and Affirmative Defenses to Plaintiff's Complaint, Star was unaware of certain deficiencies and/or defects related to the windows supplied by Graham. Not until recently, March 15, 2001, did the Board of Education conduct an inspection of the windows for purposes of identifying deficiencies and/or defects requiring correction. On or about March 23, 2001, the Board of Education issued a "punch list" identifying deficiencies with respect to the windows supplied by Graham. See Exhibit "A" to Star's Motion. Star received a copy of the March 23, 2001 inspection report and/or "punch list" on March 26, 2001. On or about March 23, 2001, Star was advised by Bethel that the windows supplied by Graham had failed an "air infiltration test" performed on the windows as required by the Project Specifications. See Exhibit "B" to Star's Motion. Additionally, on March 26, 2001, Mr. Darnell Boynton, the attorney representing the Board of Education advised the undersigned counsel, that the Board of Education had rejected the windows supplied by Graham due to their failure to conform with the Project Specifications. Prior to the March 15, 2001 inspection and the issuance of the Board of Education's March 23, 2001 "punch list", Star was unaware of any deficiencies and/or defects relative to the windows supplied by Graham. Finally, on or about March 30 and April 6, 2001, Star received notice that the Board of Education was submitting a claim under the performance bond issued by Star in connection with Bethel's work on the Project due to the defective and/or deficient windows supplied by Graham. A true and correct copy of the Board of

Education's counsel's March 30 and April 6, 2001 letters are attached hereto as Exhibits "A" and "B" respectively.[1]

Within two (2) weeks of Star's discovery of the deficiencies and/or defects relative to the windows supplied by Graham, Star filed its Motion with the Court. The recently discovered deficiencies and/or defects in relation to the windows constitute meritorious defenses to Graham's claim against Star under the payment bond. Star was unaware of the deficiencies and/or defects in the windows prior to filing its original Answer and Affirmative Defenses in this matter due to the fact that the occurrences necessitating Star's filing of a Supplemental Answer and Affirmative Defenses arose between March 15 and March 30, 2001. Star would be prejudiced if it was not afforded the opportunity to raise as a defense to Plaintiff's claim the deficiencies and/or defects in the windows as identified by the Board of Education, and the recent rejection of the windows and corresponding performance bond claim submitted by the Board of Education.

### III. ISSUES

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Star should be entitled to supplement its original Answer and Affirmative Defenses to set forth occurrences which have happened since the filing of Star's original Answer relative to defects and/or deficiencies in the windows supplied by Graham on the Project. Star would be prejudiced in its defense of Plaintiff's claims if it is not afforded an opportunity to file a Supplemental Answer and Affirmative Defenses to the Plaintiff's Complaint. Star has attached as Exhibit "C" to its Motion its proposed Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint. In Star's

A. ———————————————

---

[1] Star was unable to attach the March 30 and April 6, 2001 correspondence to its Motion because the correspondence was received after Star filed its Motion on March 30, 2001.

4

Supplemental Answer, Star has set forth the recently discovered information related to the deficiencies and/or defects in the windows supplied by Graham on the Project.

### IV.  LEGAL ARGUMENT

Rule 15(d) of the Federal Rules of Civil Procedure provides that a court may permit the supplementation of pleadings to include "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." See Fed. R. Civ. P. 15(d). In this case, Star's receipt of notice on or about March 26, 2001 that the windows supplied by Graham are deficient and/or defective and require correction or replacement constitutes an occurrence that justifies Star being able to file a Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint. The occurrences or events that warrant supplementation of Star's original Answer include: 1) the deficiencies identified in the Board's March 23, 2001 "Punch List"; 2) the failed "air infiltration test" performed on the windows on March 22, 2001; 3) the Board's March 26, 2001 rejection of the windows for failure to conform with the Project Specifications; and 4) the March 30 and April 6, 2001 Performance Bond claim submitted by the Board of Education, wherein the Board has demanded that Star rectify the deficiencies in the windows supplied to the Project. Once Star received the information regarding the alleged deficiencies and/or defects in the windows, and the fact that the Board of Education rejected the windows supplied by Graham, Star filed its Motion with the Court. Thus, the plain language of Rule 15(d) in and of itself warrants that Star serve a Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint based on the occurrences or events that have arisen since the filing of Defendant's original Answer and Affirmative Defenses to Plaintiff's Complaint.

The rules governing pleadings are generally liberally construed in favor of permitting the amendment or supplementation of such pleadings, consistent with the goal of ensuring that all

5

related claims are litigated in a single action. <u>United Services Automobile Association, et al. v. Foster</u>, 783 F.Supp 916, 919 (M.D.Pa. 1992), see generally, <u>Foman v. Davis</u>, 371 U.S. 178, 181-82 (1962). Grant or denial of a motion for leave to amend or file a supplemental pleading is subject to the sound discretion of the court. <u>United Services Automobile Association, et al. v. Foster</u>, 783 F.Supp 916, 919 (M.D.Pa. 1992). Factors to be considered include: whether the claim is timely; whether allowing it will prejudice opposing parties; whether the claim is compulsory; whether the pleader has acted in good faith; and whether it raises a meritorious claim. <u>Id</u>, citing, <u>Adams v. Gould, Inc.</u>, 739 F.2d 858, 864 (3d Cir. 1984), cert. denied, 469 U.S. 1122 (1985) and <u>Perfect Plastics Industries v. Cars & Concepts</u>, 758 F.Supp 1080, 1081 (W.D. Pa. 1991). In other words and in keeping with the liberal nature of Rule 15, a motion to supplement should be denied only where there is "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party . . . [or] futility of amendment . . ." <u>Foman</u> at 182, <u>Arab African Int'l Bank v. Epstein</u>, 10 F.3d 168, 174 (3d Cir. 1993).

Considering all of the foregoing factors, Star's Motion for Leave to File Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint should be granted. Within two (2) weeks of Star's receipt of information regarding the deficiencies and/or defects in the windows, and the fact that the Board of Education rejected the windows supplied by Graham, Star filed its Motion for Leave to File Supplemental Answer and Affirmative Defenses to the Plaintiff's Complaint. Having filed its Motion to supplement within two (2) weeks after learning of the deficiencies and/or defects in the windows, and within days after learning that the windows had been rejected by the Board of Education, Star has caused no undue delay in furtherance of this lawsuit.

Likewise, there was no bad faith or dilatory motive on the part of Star in filing its Motion. Quite the opposite, as previously stated, once Star received the information regarding the deficiencies and/or defects relative to the windows, and the fact that the Board of Education rejected the windows supplied by Graham, Star timely filed its Motion with this Court.

Furthermore, supplementation of Star's original Answer and Affirmative Defenses will not prejudice the Plaintiff. Plaintiff has conducted no discovery other than Interrogatories that were directed to Star in December, 2000. Star recently supplemented its responses to Plaintiff's Interrogatories on April 3, 2001. To the extent that Plaintiff shall require additional time to take discovery regarding the deficiencies and/or defects of the windows as alleged by Star, this Court can extend the April 30 deadline for discovery as established by this Court's March 13, 2001 Order. If Star were not afforded an opportunity to supplement its Answer and raise as a defense to Plaintiff's claims those deficiencies and/or defects in relation to the windows as identified by the Board of Education, Star would be severely prejudiced as the recent occurrences identified hereinabove constitute meritorious defenses to Plaintiff's claim under the Payment Bond.

Finally, there is no futility in Star's filing of the Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint. The recently discovered deficiencies and/or defects in relation to the windows supplied by Graham constitute meritorious defenses to Graham's claim against Star under the payment bond. At the time Star filed its original Answer and Affirmative Defenses to the Plaintiff's Complaint, the deficiencies and/or defects in the windows had not been reported to Star. Star would be severely prejudiced in its defense of Plaintiff's claim if it was not afforded an opportunity to file a Supplemental Answer and Affirmative Defenses to the Plaintiff's Complaint to include the deficiencies and/or defects recently reported to Star by the Board of Education in a defense to Plaintiff's claims.

## V. CONCLUSION

For all of the foregoing reasons, and pursuant to Federal Rule of Civil Procedure 15(d), Star Insurance Company requests that this Honorable Court enter an Order granting Star's Motion for Leave to File Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint and allow Star Insurance Company to file its Supplemental Answer and Affirmative Defenses to Plaintiff's Complaint in the form attached to Star's Motion as Exhibit C.

Respectfully submitted,

BLUMLING & GUSKY, LLP

By: _____
Robert J. Blumling, Esquire
PA I.D. #37943
Michael D. Klein, Esquire
PA I.D. #76212
Anthony E. Como, Esquire
PA I.D. #85992

1200 Koppers Building
Pittsburgh, PA 15219
(412) 227-2500
Firm No. 458
Counsel for Defendant, Star Insurance Company

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE A SUPPLEMENTAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was served this _____ day of April, 2001, upon the following, by depositing the same in the United States Mail, First Class, Postage Pre-Paid, upon the following:

> Mark A. Rosen, Esquire
> Loren L. Pierce, Esquire
> MCELROY, DEUTSCH & MULVANEY
> 1300 Mt. Kemble Avenue
> P.O. Box 2075
> Morristown, NJ 07962-2075

_____
Michael D. Klein



FLOYD E. ALLEN & ASSOCIATES
Attorneys & Counselors at Law

Floyd E. Allen
Jacqulyn G. Schulte
Kristen W. Denniston
Darnell T. Boynton
Shaun P. Ayer
Janice H. Jones

Of Counsel:
Ray E Richards, II

**Privileged/Confidential**

March 30, 2001

Samuel Wright, Jr., President
Bethel Estimating & Construction Company
1484 E. Outer Drive
Detroit, Michigan 48234

Star Insurance Co.
26600 Telegraph Rd.
Southfield, Michigan 48034-2438

RE: Golightly Education Center
Window Replacement Project

Dear Mr. Wright:

On behalf of the Board of Education of the City of Detroit and pursuant to an agreement between the Board as Owner and its Architect, Mark English and Bethel Estimating & Construction Company, Contractor, we hereby serve notice of our intent to pursue our claim against the performance bond of Bethel Estimating & Construction Company, for the defective windows at Golightly Education Center.

We are in receipt of a recent window inspection report following a thorough inspection of the windows recently installed at Golightly Education Center. Based upon the report, we determined the windows were not made in accordance with contract specifications and are therefore defective.

The inspection report revealed such defects as lack of emergency labels on exit windows, loose latches, missing window screens and sash screws, damaged lift balance systems, no window locks for limit stop, to name a few. According to the contract, Bethel warranted to the School District that the windows would be furnished pursuant to contract specifications and free from defects, Section 3.5.1, of the general conditions of the contract. Therefore, the School District has no recourse but to declare these windows defective and serve notice that we reject the windows in total and we intend to pursue claims against the performance bond in accordance with the agreement.



EXHIBIT
A

222 Fisher Building  3011 West Grand Blvd. Detroit, MI 48202-3011
Telephone: 313.871.5500
Facsimile: 313.871.0517

We look forward to resolving this matter as expeditiously as possible.

Very truly yours,
Floyd E. Allen & Associates

*Floyd C Allen*

Floyd E. Allen, Esq.

cc: Robert Francis
    Charles Wells, III, Esq.
    Scott Norris
    Michael Klein, Esq.

/lh



**FLOYD E. ALLEN & ASSOCIATES**
Attorneys & Counselors at Law

Floyd E. Allen
Jacqulyn G. Schulte
Kristen W. Denniston
Darnell T. Boynton
Shaun P. Ayer
Janice H. Jones

Of Counsel:
Ray E Richards, II

April 6, 2001

Samuel Wright, Jr., President           Star Insurance Co.
Bethel Estimating & Construction Company   26600 Telegraph Rd.
1484 E. Outer Drive                     Southfield, Michigan 48034-2438
Detroit, Michigan 48234

    RE: Golightly Education Center
      Window Replacement Project

Dear Mr. Wright:

  Reference is being made to our letter addressed to you dated, March 30, 2001, on behalf of the Board of Education of the City of Detroit. In that letter we informed you of the defective windows at the Golightly Education Center and the failure of the windows to pass a window inspection test. We further expressed our intention of declaring you, as the Contractor, in default and pursue claims against your performance bond.

  We now hereby formally request a conference with you and your surety, to occur not later than fifteen (15) days after receipt of this notice, to discuss the possibility of the Contractor curing the defects and performing the contract as agreed upon.

  We anticipate a quick resolution of this matter and look forward to your timely response.

           Very truly yours,
           Floyd E. Allen & Associates

          *Floyd C Allen*

          Floyd E. Allen, Esq.

222 Fisher Building 3011 West Grand Blvd. Detroit, MI 48202-3011
Telephone: 313.871.5500
Facsimile: 313.871.0517
www.feaalaw.com

EXHIBIT B

cc: Robert Francis
    Charles Wells, III, Esq.
    Scott Norris
    Michael Klein, Esq.

/lh