ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA
MAY 29 2001
MARY E. D'ANDREA, CLERK

| | |
|---|---|
| GRAHAM ARCHITECTURAL PRODUCTS CORP., | Civil Action |
| Plaintiff, | No. 1:CV-00-1140 |
| v. | Honorable William W. Caldwell |
| STAR INSURANCE COMPANY, | |
| Defendant. | |

### DEFENDANT'S SUPPLEMENTAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Star Insurance Company ("Star"), by and through its undersigned counsel, files the following Supplemental Answer and Affirmative Defenses to Plaintiff Graham Architectural Products Corporation's ("Plaintiff") Complaint and states as follows:

1. After reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 1 of the Plaintiff's Complaint and those allegations are therefore denied.

2. The allegations set forth in paragraph 2 of the Plaintiff's Complaint are admitted.

{20146.01/247670:}

3.  The allegations set forth in paragraph 3 of the Plaintiff's Complaint state conclusions of law and no response thereto is required.

## COUNT I

4.  The allegations set forth in paragraph 4 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, upon information and belief, the allegations set forth in paragraph 4 of the Plaintiff's Complaint are admitted.

5.  The allegations set forth in paragraph 5 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, and to the extent that the allegations set forth in paragraph 5 of the Plaintiff's Complaint are contrary to the terms and conditions of the Payment Bond, those allegations are denied

6.  The allegations set forth in paragraph 6 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, upon information and belief, the allegations set forth in paragraph 6 of the Plaintiff's Complaint are admitted.

7.  The allegations set forth in paragraph 7 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, the allegations set forth in paragraph 7 of the Plaintiff's Complaint are admitted in part and denied in part. It is admitted that Plaintiff fabricated and supplied windows to the

Project. It is denied that the Plaintiff fully performed and supplied the windows in accordance with the alleged subcontract. To the contrary, Graham has not fully performed and supplied the windows in accordance with the alleged Subcontract as the windows do not comply with the plans and specifications for the project. Further responding, the windows supplied by the Plaintiff are deficient and/or defective as identified by the owner, architect and construction manager. As a direct and proximate result of the deficiencies and/or defects in the windows, the project owner has rejected the windows supplied by the Plaintiff. In addition to the foregoing, upon information and belief, Graham further failed to comply with the requirements of the alleged Subcontract by failing to supply all of the windows required under the Subcontract, and no payment is due and owing to Graham for the windows that were never supplied to the Project.

8. The allegations set forth in paragraph 8 of the Plaintiff's Complaint are denied. It is denied there remains due and owing to Graham the sum of $111,323.12 for windows fabricated and furnished for the project. It is further denied that any sums are due and owing to Graham for storage costs, interest and attorneys fees. Further responding, Graham has not fully performed and supplied the windows in accordance with the alleged Subcontract as the windows are deficient, defective and do not comply with the plans and specifications for the project. Upon information and belief, as a direct and proximate result of the deficiencies and/or defects in the windows, the project owner rejected the windows supplied by the Plaintiff. In addition to the foregoing deficiencies and/or defects, upon information and belief, Graham further failed to comply with the requirements of the Subcontract by failing to supply all of the windows required under the Subcontract, and no payment is due and owing to Graham for windows that were never supplied to the project

## COUNT II

9. The allegations set forth in paragraph 9 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 9 of the Plaintiff's Complaint and those allegations are therefore denied.

10. The allegations set forth in paragraph 10 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, and to the extent that the allegations set forth in paragraph 10 of the Plaintiff's Complaint are contrary to the terms and conditions of the Payment Bond, those allegations are denied.

11. The allegations set forth in paragraph 11 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 11 of the Plaintiff's Complaint and those allegations are therefore denied.

12. The allegations set forth in paragraph 12 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 12 of the Plaintiff's Complaint.

{20146.01/247670:}

13. The allegations set forth in paragraph 13 of the Plaintiff's Complaint refer to an instrument in writing, the terms and conditions of which speak for themselves, and no further response is required. To the extent that a response is required, after reasonable investigation, Star is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in paragraph 13 of the Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

Defendant Star Insurance Company ("Star") files the following Affirmative Defenses to the claims raised by Graham Architectural Products Corporation ("Plaintiff") and states as follows:

14. All of the foregoing paragraphs are incorporated herein by reference as though fully set forth.

15. The Plaintiff has failed to state a claim upon which relief can be granted.

16. All or part of the Plaintiff's claims are barred as a result of the Plaintiff's failure to fulfill its obligations to Bethel, the bond principal, pursuant to the terms of the Subcontract entered into between Bethel and the Plaintiff (the "Bethel Subcontract") in connection with certain construction work for a project known as the Building Envelope Renovation, Golightly Education Center, 5536 St. Antoine, Detroit, Michigan.

17. All or part of the Plaintiff's claims are barred as a result of the Plaintiff's failure to perform its scope of work under the Bethel Subcontract in a good, timely and workmanlike manner.

18. Upon information and belief, all or part of the Plaintiff's claims are barred by the Plaintiff's prior material breach of the Bethel Subcontract.

19. Upon information and belief, the Plaintiff has failed to satisfy all conditions precedent to any payment allegedly due from Star.

20. The Plaintiff has failed to satisfy all conditions precedent to any payment allegedly due from Star to the Plaintiff under the Bond.

21. The Plaintiff's claim under the Bond is not justly due and owing.

22. All or part of the Plaintiff's claims are barred by the applicable statute of limitations.

23. All or part of the Plaintiff's claims are barred due to the lack of consideration.

24. All or part of the Plaintiff's claims are barred due to the failure of consideration.

25. All or part of the Plaintiff's claims are barred by the doctrine of unclean hands.

26. All or part of the Plaintiff's claims are barred by the doctrine of justification.

27. All or part of the Plaintiff's claims are barred by the doctrine of estoppel.

28. All or part of the Plaintiff's claims are barred by the doctrine of waiver.

29. All or part of the Plaintiff's claims are barred by the doctrine of accord.

30. All or part of the Plaintiff's claims are barred by the doctrine of satisfaction.

31. All or part of the Plaintiff's claims are barred by payment.

32. All or part of the Plaintiff's claims are barred by the doctrine of release.

33. All or part of the Plaintiff's claims are barred by the doctrine of mistake.

34. All or part of the Plaintiff's claims are barred by the doctrine of laches.

35. All or part of the Plaintiff's claims are barred by the doctrine of consent.

36. All or part of the Plaintiff's claims arise out of the Plaintiff's own acts or omissions and all or part of the Plaintiff's claims are therefore barred.

37. All or part of the Plaintiff's claims are barred as a result of the Plaintiff's failure to give proper notice.

38. All or part of the Plaintiff's claims are barred by the express language of the Subcontract.

39. All or part of the Plaintiff's claims are barred pursuant to the express language of the Bond.

40. All or part of the Plaintiff's claims are barred by virtue of the Plaintiff's failure to mitigate damages, if any.

41. All or part of the Plaintiff's claims are barred due to the fact that Plaintiff supplied substandard windows to the Project.

42. All or part of the Plaintiff's claims are barred due to the fact that Plaintiff supplied windows to the Project that deviated from the Subcontract.

43. All or part of the Plaintiff's claims are barred due to the fact that Plaintiff supplied windows to the Project that did not comply with the Project plans and specifications.

44. All or part of the Plaintiff's claims are barred due to the fact that the windows supplied by Plaintiff to the Project contain deficiencies and/or defects.

45. All or part of the Plaintiff's claims are barred due to the fact that the windows supplied by the Plaintiff have been rejected by the project owner due to their failure to conform with the plans and specifications for the project.

{20146.01/247670:}

7

46. All or part of the Plaintiff's claims are barred due to the fact that Plaintiff has failed to supply the windows required by the Subcontract.

47. All or part of the Plaintiff's claims are barred due to the fact that the windows supplied by the Plaintiff require repair/replacement due to the deficiencies and/or defects identified by the project owner.

48. Star, as surety, raises and preserves the right to assert all defenses available to its principal, Bethel.

**WHEREFORE**, Defendant Star Insurance Company respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint, with prejudice, that the Plaintiff take nothing by its Complaint, and that this Court award Star all such other and further relief as may be just and necessary.

Respectfully submitted,

**BLUMLING & GUSKY, LLP**

By: _____
Robert J. Blumling, Esquire
PA I.D. #37943
Michael D. Klein, Esquire
PA I.D. #76212
Anthony E. Como, Esquire
PA I.D. #85992

1200 Koppers Building
Pittsburgh, PA 15219
(412) 227-2500
Firm No. 458

Counsel for Defendant, Star Insurance Company

{20146.01/247670:}

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT'S SUPPLEMENTAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was served this 25th day of May, 2001, upon the following, by depositing the same in the United States Mail, First Class, Postage Pre-Paid, upon the following:

Mark A. Rosen, Esquire
Loren L. Pierce, Esquire
MCELROY, DEUTSCH & MULVANEY
1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, NJ 07962-2075

*[signature]*

{20146.01/247670:}