FILED
HARRISBURG, PA

JAN 15 2002

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRAHAM ARCHITECTURAL PRODUCTS CORP., | Civil Action No. 1:CV-00-1140<br>Judge William W. Caldwell |
| Plaintiff, | JOINT MOTION TO STAY |
| STAR INSURANCE COMPANY, | |
| Defendant. | |

    Plaintiff, Graham Architectural Products Corp. ("Graham") and Star Insurance Company, by and through their undersigned counsel, file the following Joint Motion to Stay, and in support thereof state as follows:

    1. On December 28, 2001, the Court issued an Order placing this case on the April 2002 trial list. A true and correct copy of the Court's Order is attached hereto as Exhibit "A".

    2. Graham and Star have been engaged in settlement negotiations in an effort to resolve Graham's claims in an amicable manner.

3. The settlement discussions between the parties involve Graham's remediation and/or resolution of alleged deficiencies identified by the Detroit Public Schools relative to manufacturing of the windows supplied by Graham to the construction project at issue.

4. In an effort to afford Graham an opportunity to remediate and/or resolve the alleged deficiencies identified by the Detroit Public Schools relative to manufacturing of the windows, Graham and Star entered into a Tolling Agreement on December 19, 2001. A true and correct copy of the Tolling Agreement is attached hereto as Exhibit "B".

5. Under the terms of the Tolling Agreement, Star is willing to authorize the release of $111,323.12 in funds being withheld by the Detroit Public Schools ("DPS") if Graham remedies and/or resolves the deficiencies related to the manufacture of the windows to the DPS' satisfaction.

6. For purposes of avoiding unnecessary legal expenses associated with the continued prosecution of Graham's claim against Star in this proceeding, the parties have agreed to temporarily stay this action, while preserving each party's rights and obligations related thereto, to provide Graham with sufficient time to remedy and/or resolve the DPS' claimed deficiencies with respect to the manufacturing of the windows supplied by Graham.

7. The parties request that this case be removed from the April 2002 trial list and that the Court stay this matter until further notice from the parties.

8. The parties further request that the other deadlines set forth in the Third Amended Case Management Order be extended indefinitely until the parties jointly notify the court that they desire that the case to proceed to trial.

9. The parties are confident that every effort will be made to resolve this matter without further litigation.

**WHEREFORE**, Plaintiff, Graham Architectural Products Corp. and Defendant, Star Insurance Company, respectfully request that the Court remove this case from the April 2002 trial list, and amend its December 28, 2001 Order so as to afford the parties an opportunity to resolve this matter in accordance with the attached Tolling Agreement. The parties further request that this case not be placed on any subsequent trial list until they have jointly notified the court that they desire that the case to proceed to trial.

Respectfully submitted,

McELROY, DEUTSCH & MULVANEY, LLP
Attorneys for Plaintiff,
Graham Architectural Products Corp.

_____
Robert Moskow, Esquire

BLUMLING & GUSKY, LLP
Attorneys for Defendant,
Star Insurance Company

_____
Michael D. Klein, Esquire

I, Michael Klein, counsel for Defendant, Star Insurance Company, certify that I obtained Robert Moskow's consent to execute the within Motion on his behalf via telephone conference on January 14, 2002.

_____
Michael D. Klein, Esquire

Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RE:
Graham Architectural Products v.:
Star Insurance Company            :    Civil Action No. 1:CV-00-1140

Joan D. Tesche v.                 :
CNA Insurance Companies, et al.   :    Civil Action No. 1:CV-01-0326

Raymond McFadden v.               :
CSX Transportation, Inc.          :    Civil Action No. 1:CV-01-0515

**Potts Manufacturing, Inc. v.   :
Fidelity and Deposit Co. of MD    :    Civil Action No. 1:CV-01-1446

** Non Jury Trial


FILED
DEC 28 2001
PER _____
HARRISBURG, PA.    DEPUTY CLERK

O R D E R

I. The above-captioned civil cases have been placed on the April 2002 trial list for trial in Harrisburg, Pennsylvania.

II. Juries in all cases will be drawn in Court Room No. 1, Ninth Floor, Federal Building, Harrisburg, Pennsylvania, beginning at 9:30 a.m. on Monday, April 22, 2002. Pending criminal trials, if any, will be tried first. Civil jury trials will begin immediately following jury selection in the order of the docket numbers (assuming no criminal trials), with the earliest docket number going first and continuing to the most recent docket number. Non-jury matters will be tried last. Counsel should be aware that settlements, etc., will often reduce the actual number of cases for trial as the date approaches.

AO 72A
(Rev.8/82)




III.  All pre-trial conferences will be held as follows on Thursday, April 18, 2002, in my chambers, Ninth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania:

| | |
|---|---|
| 10:00 a.m. | No. 1:CV-01-1446 |
| 10:30 a.m. | No. 1:CV-01-0326 |
| 11:00 a.m. | No. 1:CV-01-0515 |
| 11:30 a.m. | No. 1:CV-00-1140 |

Lead counsel for each party shall attend the conference and have full authority to effectuate a complete settlement pursuant to Local Rule LR 16.2.

IV.  Counsel who will try the case are directed to confer with all other trial counsel in the case at least five (5) days prior to the date of the pre-trial conference. Local Rule LR 16.3. Subsequent to this meeting of counsel and at least two (2) days prior to the pre-trial conference, counsel shall submit a pre-trial memorandum in the form set forth in Appendix B of our Local Rules. Local Rule LR 16.6.

V.  At the conference of counsel, pursuant to Local Rule LR 16.3, all exhibits that any party intends to introduce at trial (whether in his case in chief or in rebuttal) shall be identified and numbered on the attached form. Only exhibits so listed may be offered in evidence at the trial, absent compelling reasons to the contrary. Local Rule LR 16.3.

AO 72A
(Rev.8/82)

VI. Trial briefs shall be submitted prior to trial and shall conform to Local Rule LR 39.7. Motions in limine, if any, shall be filed at least ten (10) days prior to jury selection, and any response shall be filed three (3) days before jury selection. All requests for jury instructions shall be submitted before trial commences and shall conform to Local Rule LR 51.1. Requests for juror voir dire shall be submitted at least three days prior to jury selection, limited to eight in number.

VII. Whenever any civil action scheduled for jury trial is settled or otherwise disposed of in advance of the actual trial, jurors' costs, including mileage and per diem, may be assessed against the parties as directed by the court, <u>unless</u> the Clerk's office at the place in which jury selection is to be held is notified of the settlement in sufficient time to permit the Clerk to advise the jurors that their attendance will not be necessary. Notice to the Clerk's office before 2:00 p.m. on the last business day preceding the day on which the jury is to be selected shall be adequate for this purpose.

VIII. Failure of counsel to abide by this order or our Local Rule LR 16 may result in imposition of the sanctions listed in Local Rule LR 83.3.

3

IX. The objective of this order is to provide all parties with timely resolution of their claims and to facilitate as effectively as possible an appropriate disposition of the issues at trial. The cooperation of counsel is essential to this purpose.

_William W. Caldwell_
William W. Caldwell
United States District Judge

Date: December 28, 2001






Exhibit "B"

## TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is made and entered into as of the 17th day of December 2001, by and among Star Insurance Company ("Star") and Graham Architectural Products Corp. ("Graham").

### WITNESSETH

WHEREAS, Star Insurance Company is a corporation organized and existing under the laws of the State of Michigan with its principal place of business at 26600 Telegraph Road, Southfield, Michigan;

WHEREAS, Graham is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 1551 Mt. Rose Avenue, York, Pennsylvania;

WHEREAS, Star as surety, issued a payment bond (the "Payment Bond") on behalf of Bethel Estimating and Construction Company ("Bethel"), as the bond principal, in connection with Bethel's contract for the performance of certain work for the Detroit Public School ("DPS") on a project known as the renovation of the Golightly Elementary School located in Detroit, Michigan;

WHEREAS, Graham entered into an Agreement with Bethel to manufacture and supply the windows and panning for the Project;

WHEREAS, certain disputes have arisen between Bethel and Graham regarding payment for windows that Graham supplied to Bethel in connection with the Project;

WHEREAS, Graham claims that Bethel has failed to pay Graham $111,323.12 for windows that Graham supplied to Bethel in connection with the Project;

WHEREAS, on June 26, 2000, Graham filed a Complaint against Star in the United States District Court of the Middle District of Pennsylvania (the "District Court Action");

WHEREAS, Graham has asserted a claim against Star in the District Court Action, seeking to recover against the Payment Bond $111,323.12 claimed to be due and owing to Graham in connection with its supply of windows to Bethel for the Project;

WHEREAS, on May 25, 2001, Star filed its Supplemental Answer and Affirmative Defenses ("Supplemental Answer") to Graham's Complaint;

WHEREAS, Star has raised in its Supplemental Answer certain defects and/or deficiencies alleged by the DPS with respect to the windows supplied by Graham and installed by Bethel;

{20146.01/256749:}




WHEREAS, Graham is taking certain steps to remedy and/or resolve with the DPS the deficiencies alleged by the DPS;

WHEREAS, Star has been informed by the DPS that the DPS is withholding $179,599.00 on Bethel's contract in connection with the Project;

WHEREAS, Star is willing to authorize the DPS' release of $111,323.12 in funds being withheld by the DPS if Graham remedies and/or resolves the deficiencies related to the manufacture of the windows to the DPS' satisfaction, evidence of which shall be a signed writing by the DPS stating that the manufacturing of the windows supplied by Graham on the Project is accepted;

WHEREAS, for purposes of avoiding unnecessary legal expenses associated with the continued prosecution of Graham's Bond Claim, the parties have agreed to temporarily stay the District Court Action, while preserving each party's rights and obligations related thereto, to provide Graham with sufficient time to remedy and/or resolve the DPS' claimed deficiencies with respect to the manufacturing of the windows supplied by Graham.

NOW, THEREFORE, intending to be legally bound hereby, in consideration of the premises, and in consideration of the fulfillment of the terms and conditions set forth hereinafter, Graham and Star hereby warrant, covenant and agree as follows:

1. The terms of the recital paragraphs of this Agreement set forth hereinabove are incorporated into and made a part of this Agreement as if fully set forth in the operative provisions hereof.

2. The parties hereto agree to temporarily stay the District Court Action (Docket No. 1: CV 00-1140).

3. To the extent the Judge in the District Court Action refuses to allow a stay of the District Court Action, the parties agree that Graham shall withdraw the District Court Action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), with the express right to refile a claim against the Payment Bond in the United States District Court for the Middle District of Pennsylvania to recover the amount claimed to be due and owing in connection with Graham's manufacture and supply of windows to Bethel for the Project. In the event Graham refiles its claim against the Payment Bond, Graham agrees that its claim, with the exception of interest and attorneys fees to the extent recoverable against Star, shall not exceed the amount claimed in the District Court Action and its claim shall not include any additional causes of action other than those set forth in the District Court Action.

4. With respect to any future lawsuit filed or sought to be filed by Graham against Star on the Payment Bond pursuant to Paragraph 3 herein, Star hereby expressly waives and agrees not to assert as a defense the lapse of time under any contract, bond or statute of limitations, or any other time limitation, except if such defense was raised in the District Court Action, and Star expressly agrees that any future complaint by Graham against Star to recover payment claimed to

{20146.01/256749:}




be due and owing for the manufacture and supply of windows to Bethel for the Project, shall relate back to the filing of the District Court Action on June 26, 2000.

5. The parties agree that any and all discovery taken in connection with the District Court Action, including interrogatories, request for production and documents produced in response thereto, and depositions may be utilized in connection with any subsequent action by Graham against Star to recover payment claimed to be due and owing for the manufacture and supply of windows to Bethel for the Project. The parties further agree to extend discovery in connection with the District Court Action, or any subsequent action pursuant to Paragraph 3, for a period of no less that ninety (90) days.

6. The parties agree that either party may cancel this Agreement by providing thirty (30) days written notice to the other.

7. This Agreement shall not be construed as an admission of liability by any party or an admission of the merit of any claim or defense.

8. Addresses for any notices identified herein are as follows:

    For Star Insurance Company:

    Robert J. Blumling, Esquire
    Blumling & Gusky, LLP
    1200 Koppers Building
    436 Seventh Avenue
    Pittsburgh, PA 15219

    For Graham Architectural Products Corp.:

    Mark Rosen, Esquire
    McElroy, Deutsch & Mulvaney, LLP
    1300 Mount Kemble Avenue
    P.O. Box 2075
    Morristown, NJ 07962

9. Nothing contained in this Agreement is intended to or shall be construed to waive or prejudice any defense of any nature to the Bond Claim, other than as provided herein, that was or is available to Star.

10. This Agreement may be executed in one or more counterparts, each of which shall be considered an original, but all of which, taken together, shall constitute a single document.

11. Each party to this Agreement represents that it is authorized to enter into this Agreement and does so on its own behalf and on behalf of its respective directors, officers, owners, shareholders, partners, employees, attorneys, agents, predecessors, successors and assigns, as the case may be.

{20146.01/256749;}

IN WITNESS WHEREOF, the parties hereto have set their hands and caused this Agreement to be executed as of the date first above written.

Graham Architectural Products Corp          Star Insurance Company

By: _____                 By: _____
Mark A. Rosen, Esquire                      Robert J. Blumling, Esquire
Robert Moskow, Esquire                      Michael D. Klein, Esquire
McElroy, Deutsch & Mulvaney, LLP            Blumling & Gusky, LLP
1300 Mount Kemble Avenue                    1200 Koppers Building
Morristown, NJ 07962                        Pittsburgh, PA 15219

Counsel for Plaintiff,
Graham Architectural Products, Corp.        Counsel for Defendant,
                                            Star Insurance Company

{20146.01/256749;}